## (May 28, 1964)

■ In the Matter of JAMES H. MADOLE et al., Petitioners, v. IRVIN D. DAVIDSON, as Justice of the Supreme Court, First Judicial District, et al., Respondents.— Article 78 proceeding in the nature of prohibition to command a Justice of the Supreme Court and the District Attorney of Bronx County to refrain from proceeding further with the trial of petitioners under an indictment charging conspiracy in violation of section 580 of the Penal Law, unanimously dismissed, and the application denied, without costs. There was jurisdiction in the Supreme Court to eliminate from consideration at the trial the language of the indictment referring to the advocacy of criminal anarchy. This in no way affected the validity of the indictment insofar as it charged conspiracy to commit other named crimes. In any event, a denial of this application will not leave petitioners without their legal remedy of appeal from any conviction after trial (see *Matter of Marra* v. *County Court of County of Genesee*, 17 A D 2d 902). Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.

■ In the Matter of CITY OF NEW YORK, Relative to Acquiring Title to Real Property Acquired for Park Row Slum Clearance Project.— Motion to clarify the decision and remittitur of this court denied. There is no necessity for such relief shown. The granting of the new trial should be construed to require a new trial generally. (*Matter of Sipal Realty Corp.* v. *William*, 15 A D 2d 456.) Hence, upon the new trial any relevant and competent evidence tending to establish the fair market value of the claimants' parking lots would be admissible. Only after all of the evidence is in will the trial court be in a position to determine whether the principles of either *Matter of City of New York (Park Row Slum Clearance Project)* (17 A D 2d 534) or *Matter of City of New York (Fairfield Trust)* (19 A D 2d 44) are to control the evaluation in the instant case. Concur — Botein, P. J., Valente, McNally, Eager and Steuer, JJ.

■ In the Matter of ELOISE J. WILLIAMS, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and PELHAM FRITZ et al., Appellants.— Judgment, in the form of an order, entered May 27, 1964, unanimously reversed, on the law and the facts, without costs to any party, motion of petitioner Williams denied, and the Board of Elections directed to restore to the ballot for the primary election to be held June 2, 1964, the name of respondent-appellant as a candidate for Democratic nomination as Assemblyman for the Eleventh Assembly District of the County of New York. The evidence, in the absence of better proof as to where respondent Sutton abided during the period in dispute, establishes the maintenance by the respondent-appellant of a residence in the said Assembly District continuously since October 10, 1963. (See *Matter of Chance* v. *Power*, 14 A D 2d 595, affd. 10 N Y 2d 792; cf. *Matter of Gladwin* v. *Power*, 21 A D 2d 665, affd. 14 N Y 2d 771.) Concur — Breitel, J. P., Valente, Eager, Steuer and Staley, JJ.